IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

---

LM INSURANCE CORPORATION,

    Plaintiff,

v.                                           Case No. 1:16-cv-00039-GHD-DAS

ROCKHILL INVESTMENT TRUST;
SWIFT STAFFING ALABAMA, LLC;
SWIFT STAFFING GEORGIA, LLC;
SWIFT STAFFING MISSISSIPPI, LLC;
and ROCKHILL STAFFING MISSISSIPPI,
LLC,

    Defendants.

---

**MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENTS AGAINST ALL DEFENDANTS**

---

Presently before the Court are Plaintiff LM Insurance Corporation's ("Liberty Mutual") motion for default judgments against all defendants [17] and addendum [20], together with supporting exhibits, including an affidavit from Paul J. Holtrup [17-1] and earned premium statements for the three insurance policies at issue in this case, *see* Statements [17-1] at 146, 159, 175. Liberty Mutual states that Mr. Holtrup is currently employed by Liberty Mutual as a Senior Forensic Consultant and has personal knowledge of the facts underlying this lawsuit. Defendants have not filed a response, and the time for doing so has now passed. Therefore, these matters are ripe for review. Upon due consideration, the Court finds that the motion for default judgments [17] is well taken and should be granted in its entirety.

# I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case involves alleged breaches of contract by Defendants and resulting damages to Liberty Mutual arising out of three workers' compensation insurance policies issued by Liberty Mutual to Defendants. *See generally* Pl.'s Compl. [1]. Defendants have failed to plead or otherwise defend against this lawsuit, and defaults [9 & 16] have been entered against all Defendants by the Clerk of Court. Liberty Mutual now seeks the entry of default judgments against all Defendants, in accordance with Rule 55 of the Federal Rules of Civil Procedure. Liberty Mutual asserts that default judgments against Defendants are warranted based on the well-pleaded allegations in the complaint and for the reasons discussed in the affidavit of Mr. Holtrup and the exhibits submitted thereto.

During the time period relevant to this case, Liberty Mutual was a servicing carrier authorized to issue policies and provide insurance services to employers that sought workers' compensation insurance through the Alabama and Mississippi assigned risk plans. States require most employers to maintain workers' compensation insurance coverage for their employees. Some employers, however, cannot obtain such coverage on the voluntary market. Those employers must turn to the assigned risk market in order to obtain coverage. Assigned risk plans are creatures of state statutes. As relevant in this case, Alabama and Mississippi have assigned risk plans through which employers may apply for workers' compensation insurance.

To apply for coverage under any assigned risk plan, an employer must submit a written application to the Plan Administrator and an estimated premium deposit based primarily upon information known only to the employer-applicant. The standard application form, and the forms that were used in this case, must be completed by the employer. That form requires in pertinent part as follows: (1) complete underwriting information and reasonable payroll

2

estimates; (2) a statement that the employer will maintain a complete record of payroll transactions in such form as the insurance company may reasonably require, and that such records will be available to the insurance company upon request; (3) a statement that the employer will comply with all reasonable recommendations from the insurance company relating to the welfare, health and safety of employees; and (4) payment of the appropriate premium deposit.

Upon receipt of the application and premium deposit, the Plan Administrator issues a written insurance binder to the employer and randomly selects an insurance carrier (with the result that the carrier cannot perform any underwriting analysis *before* entering into a contractual relationship with the insured), and the carrier in turn issues a policy of workers' compensation insurance in its own name to the employer. The assigned risk plans for Alabama and Mississippi require that the insured's actual premium and the underlying risk being insured be calibrated correctly. For this reason, the estimated premium (i.e., the cost of insurance) contained in the application provided to the states' plans is subject to audit; this is stated in the binder and in the policy itself. The premium is also subject to revision by the carrier to whom the employer has been randomly assigned by the plan.

### A. Policy No. WC5-35S-544009-014 ("Policy No. 544009")

In November 2014, Defendants Rockhill Investment Trust ("Rockhill Trust"), Swift Staffing Alabama, LLC ("Swift Staffing Alabama"), and Swift Staffing Georgia, LLC ("Swift Staffing Georgia") submitted an application for workers' compensation coverage for the States of Alabama and Georgia through the Alabama plan. Coverage was subsequently assigned to Liberty Mutual through the Alabama plan. Because coverage was assigned randomly through the Alabama plan, Liberty Mutual could not perform any underwriting analysis prior to issuing

3

Policy No. 544009 to Rockhill Trust, Swift Staffing Alabama, and Swift Staffing Georgia. Policy No. 544009 was issued on December 30, 2014 for the policy period of December 1, 2014 through December 1, 2015. The terms of Policy No. 544009 require, at Part V (Premium), that the insureds keep records needed to compute the actual premium and that the insureds provide Liberty Mutual with copies of those records when Liberty Mutual requests them. Moreover, the terms of Policy No. 544009 give Liberty Mutual the right to examine and audit all of the insureds' records relating to the policy.

Policy No. 544009 was canceled by Liberty Mutual as of March 3, 2015 due to non-payment of premium. After the cancellation of Policy No. 544009, Liberty Mutual was required to do a final, physical audit. The insureds failed to cooperate in the final audit process. Nevertheless, based on the results of an estimated audit, Rockhill Trust, Swift Staffing Alabama, and Swift Staffing Georgia owe a balance of **$255,273.00** to Liberty Mutual for Policy No. 544009. (*See* ECF No. 17-1 at ¶ 22). That amount remains unpaid.

### B. Policy No. WC5-35S-544036-014 ("Policy No. 544036")

Also in November 2014, Rockhill Trust and Defendant Swift Staffing Mississippi, LLC ("Swift Staffing Mississippi") submitted an application for workers' compensation coverage for the State of Mississippi through the Mississippi plan. Coverage was subsequently assigned to Liberty Mutual through the Mississippi plan. Liberty Mutual could not perform any underwriting analysis prior to the issuance of policy number Policy No. 544036 because coverage had been randomly assigned. Policy No. 544036 was issued on January 15, 2015 for the policy period of December 1, 2014 through December 1, 2015. The terms of Policy No. 544036 require, at Part V (Premium), that the insureds keep records needed to compute the actual premium and that the insureds provide Liberty Mutual with copies of those records when

Liberty Mutual requests them. Moreover, the terms of Policy No. 544036 give Liberty Mutual the right to examine and audit all of the insureds' records relating to the policy.

Policy No. 544036 was canceled by Liberty Mutual as of March 24, 2015 due to the insureds' failure to cooperate with Liberty Mutual's attempt to conduct a preliminary audit. After the cancellation of Policy No. 544036, Liberty Mutual was required to do a final, physical audit. The insureds failed to cooperate in the final audit process. Nevertheless, based on the results of an estimated audit, Rockhill Trust and Swift Staffing Mississippi owe a balance of **$510,199.00** to Liberty Mutual for Policy No. 544036. (*See* ECF No. 17-1 at ¶ 27). That amount remains unpaid.

### C.     Policy No. WC5-35S-545373-015 ("Policy No. 545373")

In February 2015, Defendant Rockhill Staffing Mississippi, LLC ("Rockhill Staffing Mississippi") submitted an application for workers' compensation coverage for the State of Mississippi through the Mississippi plan. Coverage was subsequently assigned to Liberty Mutual through the Mississippi plan. Liberty Mutual could not perform any underwriting analysis prior to the issuance of Policy No. 545373 because coverage had been assigned randomly through the Mississippi plan. Policy No. 545373 was issued on April 21, 2015 for the policy period of March 1, 2015 through March 1, 2016. The terms of Policy No. 545373 require, at Part V (Premium), that the insured keep records needed to compute the actual premium and that the insured provide Liberty Mutual with copies of those records when Liberty Mutual requests them. Moreover, the terms of Policy No. 545373 give Liberty Mutual the right to examine and audit all of the insureds' records relating to the policy.

Policy No. 545373 was canceled by Liberty Mutual as of May 26, 2015 due to the insured's being ineligible for coverage for failing to cooperate with Liberty Mutual's audit

attempts with respect to Policy No. 544009 and Policy No. 544036. After the cancellation of Policy No. 545373, Liberty Mutual was required to do a final, physical audit. The insured has failed to cooperate in the final audit process. Nevertheless, based on the results of an estimated audit, Rockhill Staffing Mississippi owes a balance of **$131,747.00** to Liberty Mutual for Policy No. 545373. (*See* ECF No. 17-1 at ¶ 32). That amount remains unpaid.

## II.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The Court may enter a default judgment if a party has failed to plead or otherwise defend against a suit and a default has already been entered against that party. *See* Fed. R. Civ. P. 55(a). The entry of a default judgment is committed to the Court's sound discretion. *See Shakir v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 4997100, at *2 (N.D. Miss. Aug. 20, 2015) (citing *Jefferson v. Louisiana Dep't of Pub. Safety & Corrs.*, 401 F. App'x 927, 929 (5th Cir. 2010)).

Default judgment is proper where (1) the procedural posture of the case warrants it and (2) the pleadings (and other materials) adequately set forth the facts establishing that the movant is entitled to the relief sought. *Id.* (citing *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008)). The Court "accepts all well-pleaded factual allegations in the complaint as true" on a motion for default judgment. *J & J Sports Prods., Inc. v. El Patron Restaurant of Southaven, LLC*, 2016 WL 1260787, at *1 n.1 (N.D. Miss. Mar. 30, 2016) (citing *United States for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)).

## III.    LAW AND ANALYSIS

The Complaint describes in detail how Defendants, contrary to the terms contained in the various insurance policies, failed to cooperate during the audit process and failed to pay the amounts they owed under the policies. *See* Pl.'s Compl. [1] ¶¶ 16–39. Accepting all well-

pleaded factual allegations in the Complaint as true, as this Court must, those failures constitute breaches of contract by Defendants. *See id.* ¶¶ 40–49. Moreover, a hearing on damages is not required because the affidavit of Mr. Holtrup and the attached earned premium statements adequately establish Liberty Mutual's contract-based damages in this case. *See Fauzi v. Royal Hospitality Servs., LLC*, 2016 WL 3167080, at *2 (S.D. Miss. June 6, 2016) (explaining that a hearing on damages was not required because the affidavits filed with the Court adequately demonstrated the movant's entitlement to damages). Finally, because Defendants have failed to plead or otherwise defend against this lawsuit and defaults have been entered against them, Liberty Mutual is accordingly entitled to default judgments against Defendants in the following amounts:

1. The Court awards Liberty Mutual a default judgment and damages in the amount of **$255,273.00** to accrue interest at the current federal rate of 0.71% from the date of judgment until paid in full against Defendants Rockhill Trust, Swift Staffing Alabama, and Swift Staffing Georgia, which represents the amount due under the insurance contract, **Policy No. 544009**, between Liberty Mutual and Rockhill Trust/Swift Staffing Alabama/Swift Staffing Georgia.

2. The Court awards Liberty Mutual a default judgment and damages in the amount of **$510,199.00** to accrue interest at the current federal rate of 0.71% from the date of judgment until paid in full against Defendants Rockhill Trust and Swift Staffing Mississippi, which represents the amount due under the insurance contract, **Policy No. 544036**, between Liberty Mutual and Rockhill Trust/Swift Staffing Mississippi.

3. The Court awards Liberty Mutual a default judgment and damages in the amount of **$131,747.00** to accrue interest at the current federal rate of 0.71% from the date of judgment until paid in full against Defendant Rockhill Staffing Mississippi, which represents the amount

due under the insurance contract, **Policy No. 545373**, between Liberty Mutual and Rockhill Staffing Mississippi.

A judgment in accordance shall issue this day.

THIS, the ___10th___ day of November, 2016.

/s/ Glen H. Davidson
Glen H. Davidson
Senior United States District Judge