IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| **LM INSURANCE CORPORATION** | **PLAINTIFF** |
| V. | **Civil No. 1:16-cv-00039-GHD-DAS** |
| **ROCKHILL INVESTMENT TRUST,** *et al.* | **DEFENDANTS** |

## MEMORANDUM OPINION

Presently before the Court is the Defendants' objections to and appeal [116] of the Magistrate Judge's Order [114] denying Defendants' motion for protective order [85]. Upon due consideration, Defendants' objections are overruled, and the Magistrate Judge's Order is affirmed in all respects.

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.' " *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting *id.*). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ( "[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge

unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed," *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L.Ed. 746 (1948).

Plaintiff in this matter is an insurer who provided workers' compensation insurance to Defendants, who are staffing companies. The dispute centers over whether Plaintiff is entitled to additional premiums under the insurance policies. The Defendants' seek a protective order prohibiting the service of subpoenas duces tecum from Plaintiff on Defendants' clients to obtain records of Defendants' employees related to their job assignments.

Discovery may be limited to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" Fed. R. Civ. P. (26)(c)(1). Defendants argue that the Magistrate Judge erred by finding that the subpoenas Plaintiff seeks to serve would not subject Defendants to embarrassment, oppression, and substantial financial harm. Defendants claim that allowing these subpoenas to be served would negatively impact Defendants' relationships with their clients, and that they are unnecessary because Plaintiff may seek information on employee assignments directly from Defendants through written discovery and depositions. Defendants also argue that Liberty Mutual does not possess a contractual right to contact third parties to verify employee classification codes.

After carefully consideration of the parties' arguments, the Magistrate Judge's Order, and all pertinent legal authorities, the Court finds that the Magistrate Judge's Order is plausible and supportable by the record and is not clearly erroneous. The Magistrate Judge was correct in holding that the Court's discovery rules – not the policy's terms concerning audit rights – control what is discoverable. These rules provide only three limitations on discoverable information: that it be 1) relevant; 2) non-privileged; and 3) proportional to the needs of the case. *See* Fed. R. Civ. P.

2

26(b)(1). When determining whether to limit discovery under Rule 26(c), a court "must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party," and "weight relevant public interest." *Carzola v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016). The record before the Magistrate Judge supports his finding that Defendants failed to show that subpeoneas would negatively impact Defendants' relationships with their clients. Further, as the Magistrate Judge noted, the accuracy of the employee assignment records in Defendants' possession is disputed by Plaintiff, and the accuracy of employee assignment classifications is necessary to accurately compute premiums, and therefore information sought is of great probative value to Plaintiff. Thus, as the Magistrate Judge correctly found, the information sought by Plaintiff is relevant and not privileged, nor is the information sought disproportionate to the needs of the case. The Magistrate Judge's Order should be affirmed.

An order in accordance with this opinion shall issue this day.

This, the 22nd day of February, 2018.

_____
SENIOR U.S. DISTRICT JUDGE