IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LM INSURANCE CORPORATION                        PLAINTIFF

V.                                      Civil No. 1:16-cv-00039-GHD-DAS

ROCKHILL INVESTMENT TRUST, *et al.*                     DEFENDANTS

## MEMORANDUM OPINION

Now before this Court is Plaintiff LM Insurance Corporation's ("Liberty Mutual") motion to sever [131]. Having considered the matter, the Court finds the motion should be granted in part and denied in part.

### Background

Defendant Rockhill Investment Trust (the "Trust") is an investment trust company whose trustee is Rodney Dial. The Trust owns Swift Staffing Holdings which in turn owns Defendants Swift Staffing Alabama, LLC, Swift Staffing Georgia, LLC, Swift Staffing Mississippi, LLC. (collectively the "bankrupt Defendants" or the "Swift Staffing Defendants"). Rodney Dial also owns, together with Marshal Dial, Defendant Rockhill Staffing Mississippi separately from the Trust.

Liberty Mutual is a workers' compensation insurance provider. Defendants, through statutorily created assigned risk plans, were provided workers' compensation insurance through three different policies issued by Liberty Mutual: one issued to the Trust, Swift Staffing Alabama, and Swift Staffing Georgia (Policy No. 544009); a second issued to the Trust and Swift Staffing Mississippi (Policy No. 544036); and a third issued to and Rockhill Staffing Mississippi alone (Policy No. 545373).

1

Liberty Mutual filed their complaint against the Defendants in March 2016. The complaint alleges that the policies issued to Defendants required them to keep accurate records of their staffing assignments so that Liberty Mutual could accurately determine premiums, and to submit to a final audit once the policy ended to determine a final premium. Policy Nos. 544009 and 544036 were canceled for nonpayment of premiums. Liberty Mutual alleges that after those policies were canceled, The Trust and the Swift Staffing Defendants failed to cooperate with Liberty Mutual to complete the final audit. Liberty Mutual then canceled Policy No. 545373, which insured Rockhill Staffing Mississippi, claiming that the other Defendants' failure to cooperate with Liberty Mutual's audit attempts related to their policies made Rockhill Staffing Mississippi ineligible for coverage. The complaint further alleges that Rockhill Staffing Mississippi also failed to cooperate with a final audit concerning that policy.

A default judgment was entered against the Defendants, but that entry was eventually set aside in March 2017. In February 2018, while discovery was ongoing, Swift Staffing Alabama, Swift Staffing Georgia, and Swift Staffing Mississippi, filed bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Mississippi.

At that time, Defendants stated that they anticipated the two remaining Defendants, Rockhill Staffing Mississippi, and the Trust to soon file bankruptcy petitions as well. To date, that has not occurred. On April 23, 2018, this Court allowed counsel for all Defendants to withdraw as counsel, and informed Defendants they had 30 days to obtain new counsel. They have not done so. Liberty Mutual now moves to sever their claims against the non-bankrupt Defendants—the Trust and Rockhill Staffing Mississippi.

## Analysis

Liberty Mutual asks this Court to sever its claims against the Trust and Rockhill Staffing Mississippi. Alternatively, it asks this Court to clarify that the bankruptcy stay does not extend to those Defendants, and clarify that it may proceed on its claims against them.

The automatic bankruptcy stay provisions of 11 U.S.C. § 362 "neither apply to co-defendants nor preclude severance." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983). That fact that the claims arise from the same factual basis is insufficient to warrant an extension of the automatic stay to non-bankrupt co-defendants. *Id.* Rather there must be an actual "identity of interests, such that a judgment against the non-bankrupt parties would in fact be a judgment against the bankrupt party." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 724 (S.D. Tex. 2010). Mere ownership of a subsidiary is not enough—there must be some evidence that the non-bankrupt codefendants possess a legal obligation to pay the judgments of the bankrupt defendants. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001). Mississippi law provides that the debts and obligations of a limited liability company belong to the company and not any members. *See* Miss. Code. Ann. § 79-29-311. Thus, the fact that the Trust owns Swift Staffing Alabama, Swift Staffing Georgia, and Swift Staffing Mississippi is insufficient by itself to justify finding that the automatic stay extends to the Trust. Nor is there evidence of some formal or contractual indemnity arrangement between the bankrupt Defendants and Rockhill Staffing Mississippi that justifies the extension of the automatic stay to it.

A court may nonetheless provide the non-bankrupt parties with a discretionary stay, "in the interests of justice and in control of their dockets." *Wedgeworth*, 706 F.2d at 545; *see also Gulf Coast Hotel–Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, Civil No. 1:08-CV1430–HSO–JMR, 2010 WL 972248, at *3 (S.D.Miss. Mar. 12, 2010) (finding that a district court may issue a discretionary stay even when a § 362 is inappropriate). The district court should issue the stay

3

when "there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985).

The Court finds that a discretionary stay should extend to Rockhill Investment Trust for the breach of contract claims based on Policy Nos. Policies 544009 and 544036. While legally distinct entities, the trustee of the Trust, Rodney Dial, is also an officer and manager of the staffing companies. *See* List of Equity Security Holders [131-1]. The Trust and the staffing companies have the same addresses. Until their counsel withdrew in this case, they were all represented by the same attorney. To require Rockhill Investment Trust to defend against the alleged breaches of Policies Nos. 5440049 and 5440036, would, in effect, require the bankrupt Defendants to defend those claims as well. The claims against the Trust and the bankrupt Defendants are "inextricably interwoven, presenting common questions of law and fact" and thus ought to be resolved in one proceeding. *Fed. Life Ins. Co. (Mut.) v. First Fin. Grp. of Texas, Inc.*, 3 B.R. 375, 376 (S.D. Tex. 1980); *see also GATX*, 768 F.2d at 716 (confirming *Fed. Life's* holding that a court may stay and refuse to allow plaintiff to sever claims against non-debtor defendants that are inextricably interwoven with claims against debtor defendants).

However, the Court finds no reason why the stay should extend to the breach of contract claim against Rockhill Staffing Mississippi, based on Policy No. 545737. Because Rockhill Staffing is not owned by the Trust, and because the Trust and the bankrupt Defendants and are not parties to Policy No. 545373, the bankrupt Defendants will not be prejudiced if Liberty Mutual pursues its claim against Rockhill Staffing Mississippi. At this point, this case is over two years old. The parties have conducted a significant amount of discovery, and have made mediation

attempts before the Magistrate Judge. The time to resolve this matter, to the extent the Court is able in accordance with the bankruptcy stay, is fast approaching.

The Court next turns to whether it should sever the claims against Rockhill Staffing Mississippi into a new action under Rule 21. Plaintiffs are not required to sever claims against a defendant whenever a co-defendant files for bankruptcy. *GTAX*, 768 F.2d at 715-16. "[W]hile the stay protects the debtor who has filed a bankruptcy petition, litigation can proceed against other co-defendants." *Id.* at 16. As alternative relief, Liberty Mutual asks this Court to clarify that the automatic stay does not enjoin proceeding against the non-debtor Defendants. As stated above, the claims against Rockhill Staffing Mississippi are subject to neither an automatic or discretionary stay. Therefore, the Court will grant that motion to the extent it seeks recognition that the automatic stay does not prevent Liberty Mutual from proceeding against Rockhill Staffing Mississippi, although Liberty Mutual is enjoined from proceeding against the Trust based on this Court's discretionary stay. Because it is unnecessary to sever those claims, and because the Court grants Liberty Mutual's alternative relief, the Court will deny Plaintiff's request for severance into a separate action.

## Conclusion

For these reasons, the Court finds a discretionary stay should extend to claims against Rockhill Investment Trust. However, Liberty Mutual's motion should be granted insofar as it seeks recognition that no stay, from the bankruptcy court or this Court, applies to Rockhill Staffing

Mississippi, and Liberty Mutual may proceed on its claims against Rockhill Staffing Mississippi. The request for severance should be denied.

An order in accordance with this opinion shall issue.

This, the 12th day of June, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE